UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 21-cr-40025-JPG |
| DEMETRIUS D. JOHNSON, SR., | |
| Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Demetrius Johnson's Motion for Sentencing Transcripts (Doc. 40). Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted all other means of access to his files (i.e., through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (i.e., through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Finding that Defendant Johnson has not shown he has exhausted all other means of accessing his file, that he is financially unable to secure access to his court files, or that these documents are required for a non-frivolous court action, the Court will deny Defendant's request at this time.

1

Regarding transcripts, a defendant has a right to a free transcript under limited circumstances.  This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action.  See 28 U.S.C. § 753(f).  These requirements do not violate the Constitution.  *See United States v. MacCollom*, 426 U.S. 317 (1976). Finding that Defendant Johnson has not shown that he is indigent or that the transcript is needed for a non-frivolous action, the Court will deny Defendant's request for sentencing transcripts at this time.

The Court hereby **DENIES** Defendant's Motion for Sentencing Transcripts (Doc. 40).  The Court **DIRECTS** the Clerk of the Court to send Defendant information regarding how to obtain and the cost of documents related to Defendant's case.

**IT IS SO ORDERED.**
**DATED:  June 15, 2022**

                                              **/s/ J. Phil Gilbert**
                                              **J. PHIL GILBERT**
                                              **U.S. DISTRICT JUDGE**